**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRANSMONTAIGNE PRODUCT SERVICES, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION 09-00023-CG-B** |
| | : | |
| **M/V WILBUR R. CLARK,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Intervening Plaintiff Whistler Machine Works, Inc.'s Motion for a Default Judgment (Doc. 209) and Intervening Plaintiff Harrison Brothers Dry Dock & Repair Yard, Inc.'s  Motion for Sanctions/Default Judgment (Doc. 249). Both  Intervening  Plaintiffs  Whistler  Machine  Works,  Inc. (hereinafter "Whistler") and Harrison Brothers Dry Dock & Repair Yard (hereinafter "Harrison Brothers") seek a default judgment against Defendant Hannah Marine Corporation (hereafter "Hannah Marine") due to Hannah Marine's failure to comply with the Court's Orders compelling Hannah Marine to respond to Whistler and Harrison Brothers' respective discovery requests.  Based upon a review of the motions, and the case file, the undersigned recommends that Whistler and Harrison Brother's request for default judgment against Hannah Marine be granted in part, and denied in part.  The Answers (Docs.  66 and 67) filed on behalf of Hannah Marine in

response to Whistler and Harrison Brother's Amended Complaints should be stricken, and Whistler and Harrison Brothers should be granted leave to refile their respective motions for default judgment.

**I.   Background**

On August 21, 2009, Whistler filed a motion seeking to compel Hannah Marine to respond to discovery requests. (Doc. 189).  Hannah Marine filed a response opposing the motion. (Docs. 192, 194)  In its response, Hannah Marine asserted that it is no longer a viable, operating business entity, that it has no money in its accounts, that all of its assets, including its vessels have been seized or sold, and that it has no employees; thus, no one is available to respond to the discovery in question. (Id.)  Hannah Marine also filed the declaration of Donald C. Hannah. (Doc. 194). In his declaration, Mr. Hannah asserted that he is president of Hannah Marine, that the corporation has no income, and no employees; thus, no one is available to respond to the production requests. (Id.) In an Order dated September 14, 2009 (Doc. 202), the undersigned observed that Hannah Marine had failed to offer any evidence that demonstrates that it has been officially dissolved and had further failed to present any case authority that establishes that releasing employees and selling off assets relieves the corporation of its obligation to participate in discovery or defend an action. Accordingly, Hannah Marine was directed to respond to Whistler's

discovery requests by September 28, 2009. (Id.)

In its motion seeking the entry of a default judgment, Whistler asserts that notwithstanding the Court's Order compelling Hannah Marine to respond to Whistler's discovery requests, Hannah Marine has failed to do so. (Doc. 209). Accordingly, Whistler requests that the Court enter a default judgment against Hannah Marine in the amount of $69,081.85, plus interest and attorney fees. Although Hannah Marine was directed to respond to Whistler's motion for default judgment, it has failed to do so. (Doc. 250).

On December 22, 2009, Harrison Brothers filed a motion seeking to compel Hannah Marine to respond to discovery requests. (Doc. 236). Although the Court issued an Order directing Hannah Marine to file a response to the motion to compel, Hannah Marine failed to do so. (Doc. 237).   In an Order dated January 22, 2010, the undersigned observed that Hannah Marine had failed to respond to the motion to compel, and had further failed to offer any evidence to controvert the allegations contained in the motion to compel. Accordingly, the motion to compel was granted, and Hannah Marine was directed to respond to Harrison Brother's discovery requests by January 29, 2010. (Doc. 246).

In its motion seeking the entry of a default judgment, Harrison Brothers asserts that notwithstanding the Court's Order compelling Hannah Marine to respond to Harrison Brothers' discovery requests, Hannah Marine has failed to do so. (Doc. 249).

3

Accordingly, Whistler requests that the Court enter a default judgment against Hannah Marine in the amount of $131,429.00, plus interest and attorney fees. Harrison Brothers also request an award of attorney fees in the amount of $1000, pursuant to Rule 37(a)(5), to compensate for the costs incurred in bringing the motion to compel. Although Hannah Marine was directed to respond to Harrison Brothers' s motion for sanctions and for default judgment, it has failed to do so. (Doc. 250).

## II.  Discussion

A district court has broad discretion to control discovery. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). "This power includes the ability to impose sanctions on uncooperative litigants." Id. Under Rule 37 of the Federal Rules of Civil Procedure, the court may dismiss an action in whole or in part and or render a default judgment against the disobedient party if the court determines that a party willfully or in bad faith failed to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542-43 (11th Cir. 1993).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'n, 178 F.3d 1373, 1374 (11th Cir. 1999)(per curiam). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the

4

court's orders." <u>Malautea,</u> 987 F.2d at 1542.  However, a district court is not required to impose lesser sanctions if the lesser sanction would be ineffective. <u>Id.</u> at 1544; <u>United States v. One 32' Scorpion Go-Fast Vessel</u>, 339 Fed. Appx. 903, 2009 U.S. App. LEXIS 16622 (11th Cir. 2009).

Based upon the record before the Court, the undersigned finds that Whistler and Harrison Brother's request for entry of default is due to be granted.  Hannah Marine has failed and refused to participate in discovery and has thwarted Whistler and Harrison Brother's ability to conduct any discovery regarding their respective claims against Hannah Marine.  Hannah Marine's assertion that it has sold its assets and no longer has any employees does not relieve it of its obligation to participate in discovery.  Although Donald C. Hannah, president of the Company, filed an affidavit seeking to have Hannah Marine relieved of its discovery obligations, he did not relate a single step undertaken by him or the Company to comply with the Company's discovery obligations in this case.  Accordingly, based upon the record, the undersigned finds that Hannah Marine has willfully failed to comply with its discovery obligations and with Orders of this Court, and that at this juncture, no sanction short of striking its Answers (Docs. 66 and 67) will suffice. Accordingly, the undersigned recommends that the Answers (Docs. 66 and 67) filed on behalf of Hannah Marine in response to Whistler and Harrison Brother's Amended Complaints be

5

stricken, and that Whistler and Harrison Brothers be granted leave to refile their respective motions for default judgment[1].

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this the **5th** day of **April, 2010.**

> _____/s/ Sonja F. Bivins_____
> **UNITED STATES MAGISTRATE JUDGE**

---

[1]Whistler and Harrison Brothers' requests for default judgments are not sufficient.  To the extent Whistler and Harrison Brothers seek default judgments, they must file motions which contain a legal and factual analysis of the following: the elements of the cause of actions being asserted and how the well pleaded allegations of their respective amended complaints establish each element; and the evidence in support of their request for damages.

6

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.   Any party who objects to this recommendation, or
anything in it, must, within fourteen days of the date of service
of this document, file specific written objections with the Clerk
of this Court.   Failure to do so will bar a *de novo* determination
by the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the Magistrate
Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736,
738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.
Unit B, 1982)(*en banc*).   The procedure for challenging the findings
and recommendations of the Magistrate Judge is set out in more
detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a
> "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days[2] after being served with
> a copy of the recommendation, unless a different time is
> established by order.   The statement of objection shall
> specify those portions of the recommendation to which
> objection is made and the basis for the objection.   The
> objecting party shall submit to the district judge, at
> the time of filing the objection, a brief setting forth
> the party's arguments that the magistrate judge's
> recommendation should be reviewed *de novo* and a different
> disposition made.   It is insufficient to submit only a
> copy of the original brief submitted to the magistrate
> judge, although a copy of the original brief may be
> submitted or referred to and incorporated into the brief
> in support of the objection.   Failure to submit a brief
> in support of the objection may be deemed an abandonment
> of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

---

[2]The Court's Local rules are being amended to reflect the
new computations of time as set out in the amendments to the
Federal Rules of Practice and Procedure, effective December 1,
2009.

2.     ***Opposing party's response to the objection.***  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.