IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **TRANSMONTAIGNE PRODUCT SERVICES, INC.,** | ) ) ) ) |  |
| **Plaintiffs,** | ) ) |  |
| v. | ) ) | CIVIL ACTION NO. 09-0023-CG-B |
| **M/V WILBUR R. CLARK et. al.,** | ) ) ) |  |
| **Defendants.** | ) ) |  |

# ORDER

This matter is before the court on Harrison Brothers Dry Dock & Repair Yard, Inc.'s ("Harrison Brothers") and Whistler Machine Works, Inc.'s ("Whistler") motion for attorneys' fees. (Doc. 275). After a review of the plaintiffs' motion and the file in general, the court finds that the requested attorneys' fees are reasonable. Therefore, the plaintiffs' application for fees is GRANTED, and Harrison Brothers will be awarded a total of $46,153.00 for attorneys' fees and Whistler will be awarded $40,928.30 for attorneys' fees.

On June 17, 2010, this court entered a default judgment in favor of Harrison Brothers and Whistler on their in personam claims against Hannah Marine Corporation ("HMC"). (Doc. 273). Harrison Brothers was awarded civil damages in the amount of $131,429.00, "including attorney's fees", and Whistler was awarded civil damages in the amount of $69,081.85, "and attorney fees." (Id.).

In Hensley v. Eckerhart, the Supreme Court explained that the starting point for determining a "reasonable" fee is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The applicant bears the burden of establishing

1

entitlement and documenting the reasonable hours expended and reasonable hourly rates. 461 U.S. 424, 433 (1983); see also Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  However, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations.  Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing Davis v. Bd. of Sch. Comm'rs of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)).

Harrison Brothers and Whistler filed a motion for an award of attorneys' fees on June 30, 2010.  (Doc. 275).  They also submitted an affidavit by Alex F. Lankford, III, the counsel for Harrison Brothers and Whistler, who stated a rate of $275.00 per hour for himself was reasonable since it is "considerably less than my highest rate of $350.00" and since many hours have been invested in this case and the legal issues were complicated.  He also stated that an hourly rate of $170.00 to $180.00 per hour for Patrick Ward, who is an associate of Mr. Lankford, and an hourly rate of $120.00 to $130.00 per hour for Vaughan Savell, who is a paralegal, "are also fair, reasonable and consistent with the Mobile area, considering their respective years of experience." (Doc. 275, pp. 8-9).  Furthermore, Harrison Brothers and Whistler submitted time sheets for Alex Langford, Patrick Ward, and Vaughan Savell, who incurred 187.60 hours of time, 195 hours of time, and 17.85 hours of time respectively in connection with this case.[1]  (Doc. 275, pp. 12-34).  This court concludes that the above rates are

---

[1] Alex Langford spent 184.90 hours at a rate of $275.00 per hour and 2.70 hours at a rate of $250.00 per hour.  Patrick Ward spent 26.20 hours at a rate of $180.00 per hour and 168.80 hours at a rate of $170.00 per hour.  Vaughan Savell spent .50 hours at a rate of $130.00 per hour and 17.35 hours at a rate of $120.00 per hour.

appropriate.

A district court should exclude from the fee calculation hours that were not "reasonably expended." In other words, a plaintiff cannot recover fees related to "excessive, redundant, or otherwise unnecessary" hours that his lawyers worked. Hensley, 461 U.S. at 434. "Redundant hours generally occur where more than one attorney represents a client." Norman, 836 F.2d at 1301-1302. The plaintiffs are requesting an award of attorneys' fees for two attorneys and a paralegal. Although "[t]here is nothing inherently unreasonable about a client having multiple attorneys" (Id. at 1302), the hours of multiple attorneys are only recoverable if the fee applicant "satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." Am. Civil Liberties Union of Ga., 168 F.3d at 432; see Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). The court finds that Harrison Brothers and Whistler have met this burden. As a result, the court finds that the fees requested are reasonable.

## CONCLUSION

For the above stated reasons, plaintiffs' motion for attorneys' fees is **GRANTED** to the extent that Harrison Brothers is awarded **a total of $46,153.20 for attorneys' fees** and Whistler is awarded **a total of $40,928.30 for attorneys' fees**.

**DONE and ORDERED** this 10th day of August, 2010.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE